**Daniel RENARD, Plaintiff—Appellant,**

v.

**SAN DIEGO UNIFIED PORT DISTRICT; et al., Defendants—Appellees.**

No. 08–55412.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 8, 2009.

Daniel Renard, San Diego, CA, pro se.

Ellen Gross Miles, San Diego Unified Port District, San Diego, CA, for Defendants–Appellees.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Daniel Renard appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007), and we affirm.

The district court properly dismissed Renard's procedural due process claim because Renard failed to show he had a state-created right to free long-term anchorage in San Diego Bay. *See id.* at 902–03 ("[P]roperty interests giving rise to a due process claim ... are created and their dimensions are defined by existing rules or understandings that stem from state law.") (quotation marks, citations, and ellipses omitted); *see also Graf v. San Diego Unified Port Dist.*, 7 Cal.App.4th 1224, 1232, 9 Cal.Rptr.2d 530 (1992) ("Boaters do not have a constitutional right to unregulated long-term anchorage in public navigable waters.").

The district court properly dismissed Renard's substantive due process claim because his asserted right to free long-term anchoring in a public body of water is not a right that can be considered "so rooted in the traditions and conscience of our people as to be ranked as fundamental."

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Reno v. Flores,* 507 U.S. 292, 303, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993) (quotation marks and citations omitted).

We do not consider Renard's contentions concerning dismissal of claims that were not realleged in the operative complaint. *See Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir.1997) ("It is the law of this circuit that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint."). Moreover, we do not consider new issues that Renard raises for the first time on appeal. *See Cold Mountain v. Garber,* 375 F.3d 884, 891 (9th Cir.2004) ("In general, we do not consider an issue raised for the first time on appeal.").

Renard's remaining contentions lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.